GEORGIA RAILROAD BANK *v.* WHITNEY COMPANY; *et vice versa.*

HILL, J. Where in an equity case exceptions of law and fact to an auditor's report are filed, they turn substantially upon the general question whether, under the law and the evidence, the report is sustainable. After carefully reviewing the evidence and considering the questions of law involved, we find that the rulings of the auditor, excepted to by the plaintiff in error in the main bill of exceptions, were all supported, and that there was no error on the part of the trial judge in overruling the exceptions of law and fact, nor in rendering, on the intervention of the plaintiff in error, the judgment to which exception is taken.

*Judgment affirmed on main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*

Nos. 461, 462. FEBRUARY 15, 1918.

Equitable petition; intervention.   Before Judge Ellis.   Fulton superior court.   May 7, 1917.

The Whitney Company (incorporated 1902) entered into a contract with the Empire Life Insurance Company to construct an office building for the latter company at Augusta, Georgia.   The contract provided for payments by the tenth of each month to the Whitney Company as contractor, upon certificates to be issued by the architect for material furnished and labor performed up to the first day of each month.   The work of erecting the building was commenced by the contractor, and the building was partially constructed.   On June 10, 1914, the contractor received a voucher for work done and material furnished prior to June 3, 1914, amounting to $74,701.04.   The voucher was not paid promptly, but the Empire Life Insurance Company was negotiating with the Georgia Railroad Bank to secure a loan in order to meet the payments arising under the contract of construction.   It was finally agreed between the bank and the insurance company that the bank would loan that company, upon certain promised security, the sum of $250,000 with which to complete the building and to take up each monthly voucher as it became due.   While the negotiations for the entire loan were pending it became necessary for the contractor to have the money with which to pay a certain monthly voucher; and it was stated by the representative of the contractor to the president of the bank that there was need for expedition in securing the loan, and the president of the bank asked if the contractor would waive its lien in favor of the temporary loan, and he was told that the contractor would not unless the loan should be paid over to it, the Whitney Company.   The attorney for the bank was subsequently called into consultation, and was advised of the necessity for the making of the first payment; and he stated that he thought it would be all right, provided the Whitney Company would transfer its contractor's lien.   At a subsequent meeting, when the president of the bank and its attorney were not present, the vice-president of the Whitney Company produced a tripartite agreement as follows:  "Augusta, Ga., June 26, 1914.   Re: Empire Life Building.   The Georgia Railroad Bank, The Empire Life Insurance Company, Augusta, Georgia.   Gentlemen: In accordance with the agreement reached this morning we agree to execute a waiver of lien in favor of a loan to

be made by the Georgia Railroad Bank of two hundred and fifty thousand dollars, predicated upon the condition that at least $227,-500 of said funds be applied to payment upon architect's certificates for amounts as they become due under our contract. Yours very truly, The Whitney Company, T. Eckford Rhodes, Vice-President. Agreed: The Empire Life Insurance Company, By A. J. O'Merry, First Vice-Prest., H. H. Stafford, Ch'm Building Com. Agreed: Georgia Railroad Bank, Samuel Martin, Asst. Cashier." In the meantime the attorney for the Georgia Railroad Bank had prepared an assignment paper as follows: "State of Georgia, Richmond County. For and in consideration of the payment by Georgia Railroad Bank to the Whitney Company of the sum of seventy-four thousand, seven hundred and one and 4/100 ($74,701.04) dollars, the receipt of which is hereby acknowledged, the Whitney Company hereby transfers and assigns to the Georgia Railroad Bank its builder's and contractor's lien on the building now in course of construction on the north side of Broad street, between McIntosh and Jackson streets, in the city of Augusta, Georgia, known as the Empire Life Insurance Company's building, with the same rights in reference to enforcement and other rights pertaining to said lien which the Whitney Company has or may have. Said lien is for said sum with interest from date at seven (7) per cent. per annum, until paid. Said lien is evidenced by the instrument marked 'copy,' but in fact the original hereto annexed, authenticated by W. L. Stoddart and G. Lloyd Preacher, Associate Architects, and approved by W. H. Stafford, Vice-President of the Building Committee of the Empire Life Insurance Company. In witness whereof the Whitney Company has caused these presents to be signed by its Vice-President, this 26th day of June, 1914. The Whitney Company, by T. Eckford Rhodes, Vice-President. Attest: Howard H. Stafford." The voucher for $74,701.04 in favor of the Whitney Company was attached to the assignment. A note for the last above-stated amount was executed by the Empire Life Insurance Company to the Georgia Railroad Bank, due January 1, 1915. The $74,701.04 was paid by the Georgia Railroad Bank to the Whitney Company, which proceeded with the work on the building. On or about July 6, 1914, a voucher was passed for $53,430.58, approved by the architects of the Empire Life Insurance Company, but it was never

paid; and no other payment having been made, the Whitney Company suspended work on the building. The Whitney Company filed a builder's and contractor's lien on the property in August, 1915, for the amount due on the building, including the amount of the voucher assigned to the Georgia Railroad Bank.

James R. Brown and others filed a petition against the Empire Life Insurance Company, the owner of the building, asking for receiver, etc. The Whitney Company filed its intervention in that suit, in order to foreclose its lien upon the property. The Georgia Railroad Bank filed its intervention, in which it sought to establish its right of priority of payment over the Whitney Company under the assignment for the amount of $74,701.04. It filed no lien for record. The Whitney Company in its petition, and in its answer to the petition of the Georgia Railroad Bank, insisted that there was but one entire transaction between it and the Georgia Railroad Bank and the Empire Life Insurance Company, by which it was intended by the three parties to the "tripartite agreement" that the Georgia Railroad Bank would lend $250,000 to the insurance company, and that the waiver of lien was only on the condition that the bank should furnish the full amount agreed, and that the $74,701.04 was but the first payment on that amount, etc. The issue between the intervenors was referred to an auditor, who decided and reported, in effect, that the lien for $210,000 was found in favor of the Whitney Company, and that it and the Georgia Railroad Bank should participate therein on the basis of $85,000 (principal and interest) to the Georgia Railroad Bank and $125,000 to the Whitney Company. The Georgia Railroad Bank and the Whitney Company filed exceptions to the auditor's report, each on the ground that it was not awarded priority over the other. The trial judge overruled the exceptions and confirmed the report of the auditor. To this judgment the Georgia Railroad Bank filed a bill of exceptions, and the Whitney Company a cross-bill of exceptions, each insisting that the court erred because a priority of payment was not established in its favor.

*Cumming & Harper* and *McDaniel & Black,* for the bank.

*King & Spalding,* contra.